IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **ALEJANDRO SANCHEZ**, on behalf of himself and others similarly situated, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 14 C 159 ) |
| **AL'S RESTAURANT & PIZZERIA, LLC**, and **LISA SULLIVAN**, individually, | ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM ORDER

Al's Restaurant & Pizzeria, LLC ("Al's Restaurant") and Lisa Sullivan have filed their joint Answer and Affirmative Defenses ("ADs") to the action brought against them by Alejandro Sanchez ("Sanchez"), who seeks to recover assertedly unpaid overtime wages for himself and others under both federal and state law. This memorandum order is issued sua sponte to address one pleading problem in the Answer plus a number of problematic aspects of the ADs.

First, Answer ¶ 4 follows a proper form of disclaimer under Fed. R. Civ. P. ("Rule") 8(b)(5) with the phrase "and therefore deny the allegations contained in Paragraph 4." But it is of course oxymoronic for a party to assert (presumably in good faith) that it lacks even enough information to form a <u>belief</u> as to the truth of an allegation, then proceed to <u>deny</u> it. Because such a denial is at odds with the pleader's obligations under Rule 11(b), the quoted language is stricken from that paragraph of the Answer.

More significantly, a number of the ADs call for further thought on the part of defense counsel and, in some instances, a return to the drawing board. Without seeking to be exhaustive (a task left to Sanchez' counsel), this Court notes the following:

1. AD 1 should not have been advanced at all -- it seeks to inject a detailed fact-pleading concept into the federal system, where a notice pleading regime is in force. It is stricken.

2. Because Sanchez identifies himself in Complaint ¶ 5 as a former employee of Al's Restaurant (he worked as a cook between June 2009 and November 2013 (Complaint ¶ 11)), the limitations defenses set out in ADs 3 through 5 are appropriate and may be retained. But unless AD 2 adds something to that mix, as does not appear to be the case, it is stricken.

3. AD 6 includes the telltale "to the extent" qualification that confirms the absence of any <u>currently</u> cognizable defense on the stated ground, as contrasted with the hypothetical possibility, as Dickens put it in <u>David Copperfield</u>, "That he may be ready -- in case of anything turning up." That AD is stricken, but without prejudice to its possible reassertion (properly fleshed out) if anything does indeed "turn up."

4. ADs 7 and 8 advance claims of good faith that are at odds with Complaint ¶¶ 14 and 15, which must be credited for Rule 8(c) purposes (see, e.g., App'x ¶ 5 to <u>State Farm Mut. Auto. Ins. Co. v. Riley</u>, 199 F.R.D. 276, 279 (N.D. Ill. 2001)). Both of those ADs are stricken (defendants have already placed those matters at issue by their denials of Complaint ¶¶ 14 and 15).

5. Apart from reflecting a possible need to enroll in Latin 101 (it's "de minimis," not "de minimus"), AD 9 advances a claimed defense unfamiliar to this Court. If defense counsel have authority for such advancement, this Court would appreciate being provided with appropriate

support through citations (though it should be noted that Complaint ¶ 25 alleges defendants' claimed statutory violations as to other employees as well, placing any de minimis contention in doubt in any event).

6. AD 10 may be sustainable, but it needs fleshing out before it can be advanced at this time.

7. Each of ADs 11 through 15 displays the same (or comparable) hypothetical nature that has caused AD 6 to be stricken. All of those ADs are also stricken at this time.

In sum, defense counsel must sharpen their pencils (or the equivalent in electronic terms) by crafting a total rewrite of the AD section of defendants' responsive pleading. Counsel are ordered to do so by filing an appropriate amendment to that section of the responsive pleading on or before April 28, 2014.[1] No charge may be made to defendants by their counsel for the added work and expense incurred in correcting counsel's errors. Defense counsel are ordered to apprise their clients to that effect by letter, with a copy to be transmitted to this Court's chambers as an informational matter (not for filing).

                                                      _/s/ Milton I. Shadur_
                                                      Milton I. Shadur
                                                      Senior United States District Judge

Date: April 15, 2014

---

[1] There is no need to redo the Answer itself, for the only correction to that portion of the responsive pleading noted by this Court has been taken care of at the outset of this memorandum order.